

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

December 16, 2025

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

GRANTED. Though the Court notes that it has been five months since this complaint was filed and that the investigation hasn't occurred until now. Defendants are instructed to provide the Court with updates each month, starting on January 16, 2026. If the investigation takes longer than 6 months, then the Court is likely to lift the stay and proceed with the case.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 16, 2025

**BY ECF**
Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    Anthony Malik Ellis v. City of New York, et al.,
        25-cv-06353 (AS)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendant the City of New York ("City") in the above-referenced matter.[1] The City writes to respectfully request a stay of this matter in its entirety, including all deadlines, until thirty (30) days after the conclusion of ongoing investigations by the New York City Department of Correction ("DOC") into Plaintiff's alleged incident.[2] This is the first request for a stay of the case. Due to *pro se* Plaintiff Anthony Malik Ellis' incarcerated status, Ms. DiCostanzo has been unable to expeditiously contact him for his consent to this request.

## I.    Factual and Procedural Background

By way of background, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, denial of medical care and excessive force. *See* ECF No. 1. Plaintiff names Captain Ceasar, and Correction Officers Daif, Grippy, and Crocker as Defendants in this action. *See id.* On

---

[1] This case has been assigned to Assistant Corporation Counsel Caroline DiCostanzo, who is awaiting admission to the New York State Bar. Ms. DiCostanzo is handling this matter under my supervision and may be reached at (212) 356-2662 or cdicosta@law.nyc.gov.

[2] As detailed herein, the Office of Corporation Counsel does not represent the individually named officers. Thus, this application is not being made on their behalf.

October 14, 2025, the Court requested that the City, Captain Ceaser, and Correction Officers Daif, Grippy, and Crocker waive service of summons. *See* ECF No. 6. On October 14, 2025, the Court also directed this Office comply with "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents" by February 11, 2026.

On October 20, 2025, a waiver of service was returned executed on behalf of Defendant Daif, making their deadline to respond December 19, 2025. *See* ECF No. 9. On October 21, 2025, a waiver of service was returned executed on behalf of Defendant Crocker, making their deadline to respond December 19, 2025. *See* ECF No. 8. On November 13, 2025, a waiver of service was returned executed on behalf of Defendant City, making its deadline to respond January 12, 2026. *See* ECF No. 12.

## II.    Pending DOC Investigation Necessitates a Stay

Federal Courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. *See, e.g., Kashi*, 790 F.2d at 1057.

The undersigned recently learned of an ongoing DOC investigation into the underlying allegations in this case. This investigation may affect the representation of the individual Defendants depending on the investigation's outcome and warrants a stay for several reasons.

Before this Office may assume representation of the individual Defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864–65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of [their] public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. Law § 50-(k); *see also Mercurio*, 758 F.2d at 864–65; *Muniz v. City of New York*, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation); *Mason v. City of New York*, 19-CV-5450 (VSB), 2019 U.S. Dist. LEXIS 206349 at *2 (S.D.N.Y. Nov. 27, 2019) (granting stay pending the completion of DOC investigation); *Peguero v. City of New York*, 20-CV-4518 (LAK), 2020 U.S. Dist. LEXIS 216031 at *3 (S.D.N.Y. Nov. 18, 2020).

Further, best practices preclude this Office from communicating with the individual Defendants about the facts until the investigation concludes. If DOC finds that any officer violated its procedures, a conflict of interest would arise between this Office and that officer. Should this Office prematurely assume representation, only to later discover the officer's ineligibility, the Court may conflict the undersigned and the entire Office out of this case—causing significant and undue expenditure of resources and delay. Thus, at a minimum, new counsel for the officers would be required. Such a scenario during the course of discovery would cause a greater disruption and delay to the instant action than the requested stay at this early stage.

2

Moreover, upon information and belief, until the investigation concludes, DOC will restrict both parties' access to documents, recordings, and other information regarding the alleged incident, particularly materials that DOC generates during the investigation. Without this information, this Office cannot effectively respond to the Complaint, participate meaningfully in court conferences, or adequately prepare for discovery. *See generally Peguero*, 2020 U.S. Dist. LEXIS 216031 at *3 ("a stay is warranted because until such time as DOC concludes its investigation, the parties will not have access to a number of documents regarding the incidents alleged in this case").

Finally, a temporary stay will not prejudice Plaintiff. *See generally Felix v. City of New York*, 16-CV-5845 (AJN), 2016 U.S. Dist. LEXIS 120000 at *6 (S.D.N.Y. Sep. 6, 2016) (finding the City's burden, the Court's potential engagement in "time-consuming, expensive, and potentially wasteful and duplicative litigation" and the restricted access of information outweighs the plaintiff's interest in resolving the case). Plaintiff will not be prejudiced given the relevant documents will not be obtained and preserved by the DOC until after their investigation concludes. Further, the claims in this case arise from an incident that allegedly occurred in 2024, reducing concerns regarding the expiration of any relevant statute of limitations.

## III.    Relief Requested

Based on the foregoing, the City respectfully requests that the Court: (1) stay the instant matter until thirty (30) days after the resolution of the investigation by DOC; and (2) adjourn *sine die* all deadlines in this case pending the conclusion of the investigation. With the Court's approval, the City will provide periodic status updates regarding the investigation until it has been concluded.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

cc:    **BY FIRST-CLASS MAIL**
Anthony Malik Ellis
*Plaintiff Pro Se*
DIN: 24B4042
Five Points Correctional Facility
6600 NY-96
Caller Box 119
Romulus, NY 14541